S09Y1778. IN THE MATTER OF MARSHA GAY BONIFACE.

(684 SE2d 268)

PER CURIAM.

This matter is before the Court pursuant to the Report and Recommendation of the Review Panel of the State Disciplinary Board, recommending that Marsha Gay Boniface be disbarred under Rule 9.4 (b) (1) of the Georgia Rules of Professional Conduct. See Bar Rule 4-102 (d). Ms. Boniface voluntarily surrendered her law license and consented to disbarment in the State of North Carolina for misappropriating approximately $23,780 from an attorney trust

account. She was subsequently served by publication with a Notice of Reciprocal Discipline, after an attempt at personal service was returned non est inventus by the sheriff. See Bar Rule 4-203.1 (b) (3) (ii). Ms. Boniface did not respond to the Notice.

Thereafter, a majority of the Review Panel found that the elements which would authorize imposition of discipline other than that imposed in North Carolina do not exist in this case, and the majority issued its recommendation that this Court impose reciprocal discipline of disbarment. See Rule 9.4 (b) (3). However, Review Panel member James Ellington dissented, recommending that the case be remanded to the Office of General Counsel for refiling because of a failure to file a certified copy of the North Carolina disciplinary order as required by Rule 9.4 (b). That rule provides that,

> [u]pon notification from any source that a lawyer within the jurisdiction of the State Bar of Georgia has been disciplined in another jurisdiction, the Office of General Counsel shall obtain a certified copy of the disciplinary order and file it with the Clerk of the State Disciplinary Board.

Rule 9.4 (b). Rule 9.4 (b) (1) (i) further provides that upon receipt of that certified copy of the disciplinary order, "the Clerk of the State Disciplinary Board shall . . . issue a notice directed to the lawyer containing . . . [a] copy of the order from the other jurisdiction . . . ."

It is clear from the plain language of these Rules that the Office of General Counsel is required to file a certified copy of a foreign jurisdiction's disciplinary order with the Clerk of the Disciplinary Board. In this case, the Office of General Counsel notified the Clerk that Ms. Boniface had been disbarred in North Carolina and requested the commencement of a reciprocal discipline proceeding, but it failed to include a certified copy of the North Carolina disciplinary order with its notice to the Clerk. Nevertheless, the record also shows that the Clerk did in fact obtain a certified copy of that order, because the Clerk properly included a copy of it with the notice issued to Ms. Boniface. Moreover, after the Review Panel issued its Report and Recommendation, the Office of General Counsel filed an amended notice with the Clerk, which included a certified copy of the North Carolina order. Although it certainly would have been the better practice for the Office of General Counsel to have properly filed the certified copy with the Clerk when it first requested reciprocal discipline, given that the Clerk properly included a copy of the certified order with the notice issued to Boniface and that the Office of General Counsel has now filed an amended notice which includes a certified copy of the order, we conclude that any proce-

dural defect has been cured and that the matter need not be returned to the Office of General Counsel for refiling.

It appearing from a review of the record that reciprocal discipline is appropriate in this case, the Court accepts the recommendation of the majority of the Review Panel and, effective as of the date of this opinion, hereby orders that the name of Marsha Gay Boniface be removed from the rolls of persons authorized to practice law in the State of Georgia. Ms. Boniface is reminded of her duties under Bar Rule 4-219 (c).

*Disbarred. All the Justices concur.*

DECIDED SEPTEMBER 28, 2009.

*William P. Smith III, General Counsel State Bar, Jonathan W. Hewett, Assistant General Counsel State Bar*, for State Bar of Georgia.