## S09Y1593. IN THE MATTER OF GREGORY C. MENEFEE.
(685 SE2d 276)

PER CURIAM.

This disciplinary matter is before the Court on the Review Panel's Report and Recommendation proposing that the Court suspend Gregory C. Menefee as reciprocal discipline and that the suspension be effective until Menefee demonstrates that he has been reinstated in Kentucky. Rule 9.4 (b) (1) of the Georgia Rules of Professional Conduct. See Bar Rule 4-102 (d).

Menefee acknowledged service of the notice of reciprocal discipline, writing on the document, "[f]urthermore, I will not contest this reciprocal discipline." The record shows that the Supreme Court of Kentucky temporarily suspended Menefee on June 19, 2008, concluding that probable cause existed to believe that he had misappropriated or improperly dealt with funds held on behalf of his clients and ordering that disciplinary proceedings be initiated against him. The Kentucky court outlined seven complaints alleging that Menefee misappropriated thousands of dollars from eight clients in estate, residential mortgage, and bankruptcy matters. It

further stated that Menefee's response to the petition for temporary suspension indicated that he had no objection, that he began winding up his law practice in 2007, that he is employed outside the field of law, and that he has no plans to resume practicing law.

The Review Panel found that Menefee had not met the burden under Rule 9.4 (b) (3) to justify imposition of discipline other than that imposed in Kentucky. However, the Review Panel stated that it "is concerned with compliance with the procedures of Rule 9.4 (b)." The State Bar's Notice Regarding Reciprocal Discipline, directed to the Clerk of the State Disciplinary Board, did not include a certified copy of the Kentucky disciplinary order, but the Clerk later issued a Notice of Reciprocal Discipline, directed to Menefee, which did attach the disciplinary order. The Review Panel found that because Menefee was aware of the proceeding, received a copy of the disciplinary order from the Clerk, voluntarily acknowledged service, and consented to the reciprocal discipline, he had waived any procedural irregularities in this proceeding and no further action was needed to correct the Notice from Bar Counsel to the Clerk. Thus, the Review Panel recommended, by an 11-1 vote, the reciprocal discipline of suspension beginning upon entry of this Court's order and continuing until Menefee shows that he has been reinstated to practice in Kentucky. However, Review Panel member James Ellington dissented, recommending that the case be remanded to the Office of General Counsel for refiling because of a failure to file a certified copy of the Kentucky disciplinary order as required by Rule 9.4 (b).

The same situation presented itself in *In the Matter of Boniface*, 285 Ga. 815 (684 SE2d 268) (2009). As we noted there, Rule 9.4 (b) provides:

> Upon notification from any source that a lawyer within the jurisdiction of the State Bar of Georgia has been disciplined in another jurisdiction, the Office of General Counsel shall obtain a certified copy of the disciplinary order and file it with the Clerk of the State Disciplinary Board.

Rule 9.4 (b) (1) (i) further provides that upon receipt of that certified copy of the disciplinary order, "the Clerk of the State Disciplinary Board shall . . . issue a notice directed to the lawyer containing . . . [a] copy of the order from the other jurisdiction . . . ." Thus, the plain language of the Rules requires the Office of General Counsel to file a certified copy of a foreign jurisdiction's disciplinary order with the Clerk of the Disciplinary Board. Here, the Office of General Counsel's Notice Regarding Reciprocal Discipline directed to the Clerk did not include a certified copy of the foreign disciplinary order. Never-

theless, here, as in *Boniface*, the Clerk eventually obtained a certified copy of the order and included it with the notice issued to Menefee, and the Office of General Counsel filed an amended notice with the Clerk that also included a copy of the order. Thus, any procedural defect in the disciplinary proceedings has been cured, and the matter need not be returned to the Office of General Counsel for refiling. However, we again remind the Office of General Counsel that under the rules, that Office is directed to file a certified copy of the foreign order with the Clerk concurrently with the initiation of the reciprocal discipline process.

Having reviewed the record, we agree with the Review Panel that reciprocal discipline is appropriate in this case. Accordingly, effective as of the date of this opinion, Menefee is hereby suspended from the practice of law in Georgia indefinitely. Reinstatement shall be conditioned upon Menefee's providing satisfactory proof to the Review Panel that he has been reinstated in Kentucky. Menefee is reminded of his duties under Bar Rule 4-219 (c).

*Suspension until further order of the Court. All the Justices concur.*

DECIDED OCTOBER 19, 2009.

*William P. Smith III, General Counsel State Bar, Jonathan W. Hewett, Assistant General Counsel State Bar*, for State Bar of Georgia.